IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Richmond Division</u>

BRANDY M. RIDDICK,

    Plaintiff,

v.                                                          Civil Action No.: _____

UNITED METHODIST FAMILY SERVICES OF VIRGINIA,

    Defendant.

**JURY TRIAL
DEMANDED**

## **COMPLAINT**

The plaintiff Brandy M. Riddick ("Ms. Riddick"), by counsel, submits this Complaint against the defendant United Methodist Family Services of Virginia ("UMFS"), as follows:

### <u>INTRODUCTION</u>

Ms. Riddick brings this civil action seeking reinstatement and recovery of lost salary and benefits, as well as liquidated damages, and attorney's fees, as UMFS dismissed her from employment and interfered with her rights to medical and family leave, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq.

### <u>THE PARTIES</u>

1. Ms. Riddick resides in Louisa County, Virginia. She is eligible for FMLA protection by having worked for UMFS for over 12 months prior to taking leave, and in excess of 1250 hours during those 12 months, pursuant to 29 U.S.C. § 2611(2)(A).

2. UMFS is a nonstock corporation engaged in the provision of social and family services to high-risk children and parents. It maintains offices at 3900 West Broad Street, Richmond, VA 23230.

3. At all times during the events complained of herein, UMFS was an "employer" as defined in Section 101(4) of the FMLA, 29 U.S.C. § 2611(4).

## JURISDICTION AND VENUE

4. Jurisdiction over plaintiff's claims is based on 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. 2617(a)(2)(private right of action for interference with FMLA rights). Venue is proper in this District as the location of the parties and the events described herein.

## ALLEGATIONS

5. Ms. Riddick commenced employment with UMFS in February 2017 as an Accounts Receivable Specialist, earning $19.63 per hour, with frequent overtime and fringe benefits.

6. Starting in October 2020, Ms. Riddick took time away from work because of severe tenosynovitis, which caused significant pain in her right arm. She under the care of a physician.

7. On November 11, 2020, Ms. Riddick took an FMLA-protected medical leave of absence ordered by her physician for the same condition.

8. Ms. Riddick' leave was extended two additional times, with an anticipated return to work on December 1, 2020. She was awaiting an MRI so that her physician could determine whether surgery was necessary to remedy her condition.

9. Before returning to work, however, UMFS terminated Ms. Riddick's employment on November 23, 2020.

10. The termination letter stated falsely that it was "due to continued performance below the expectations of [Ms. Riddick's] position." The letter also falsely claimed that UMFS had "gone through several interventions with [Ms. Riddick] regarding [her] overall performance on the job, via both verbal and written modes, and [her] performance has remained below the requirements of your role."

11. Ms. Riddick had been performing her job duties sufficiently well to remained employed with UMFS.

12. In 2019, Ms. Riddick received a satisfactory performance evaluation.

13. On October 15, 2020, Ms. Riddick received a performance evaluation rating of "needs improvement." Nothing in written evaluation, however, warned Ms. Riddick that her job was in jeopardy or indicated that UMFS was contemplating her dismissal.

14. Ms. Riddick worked for UMFS only seven (7) days following the issuance of her 2020 performance evaluation on October 15, 2020. During those seven (7) days, she did not receive any oral or written performance instruction or reprimands justifying dismissal or signaling its intent to dismiss Ms. Riddick from employment.

15. Ms. Riddick's condition required "continuing treatment by a health care provider" and thereby constituted a "serious health condition" as defined under Section 101(11) of the FMLA, 29 U.S.C. § 2611(11).

16. Ms. Riddick is aware that two co-workers received the same rating as she but were not fired. Neither of the two co-workers took a medical leave of absence.

17. UMFS discriminated against Ms. Riddick by firing her taking time off because of her medical condition, including taking FMLA-protected leave, which interfered with the exercise of her rights to take leaves of absence for a serious medical condition, which leaves are protected from interference under the FMLA, 29 U.S.C. § 2615(a)(1).

18. Ms. Riddick's termination from employment caused her to lose wages and employee-related fringe benefits. She is entitled to reinstatement, her lost wages and benefits, liquidated damages equal to the amount of lost salary and benefits, plus interest and attorney's fees, pursuant to the FMLA, 29 U.S.C. § 2617(a).

COUNT I
INTERFERENCE WITH EXERCISE OF FMLA RIGHTS
29 U.S.C. § 2615(a)(1)

19. By terminating her employment without justification for taking a medical leave of absence, as described herein, UMFS interfered with Ms. Riddick's rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1).

20. Ms. Riddick's injuries under this Count entitle her under the FMLA, 29 U.S.C. § 2617(a), to reinstatement and an award of damages for (a) lost wages, benefits and other compensation; (b) liquidated damages in an amount equal to such lost wages, benefits and other compensation; (c) attorney's fees; (d) costs of suit; and (e) pre-and post-judgment interest.

WHEREFORE, the plaintiff Brandy M. Riddick demands judgment against the defendant United Methodist Family Services of Virginia, awarding her reinstatement and compensatory and liquidated damages of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), plus attorney's fees and costs of suit, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

BRANDY M. RIDDICK


By: */s/ Scott G. Crowley*
      Counsel

Scott Gregory Crowley (VSB # 31216)
Crowley & Crowley, P.C.
4870 Sadler Road, Suite 300
Glen Allen, VA  23060
Tel.:  (804) 205-5010
Fax: (804) 205-5001
E-mail: scrowley@crowleyandcrowley.com
*Counsel for Brandy M. Riddick*